[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

No. 08-17202
Non-Argument Calendar

_____

D. C. Docket No. 08-00073-CR-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE L. WILKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 22, 2009)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This is a sentencing appeal. Antoine L. Wilkerson appeals his twelve-

month-and-one-day prison sentence for driving within the special maritime and territorial jurisdiction of the United States as a habitual traffic offender, while his license was suspended or revoked, in violation of Florida and United States law. See Fla. Stat. §§ 322.264, 322.34(5); 18 U.S.C. §§ 7, 13. After review, we affirm.

## I. Background

On May 14, 2008, Wilkerson, while operating a motor vehicle, approached the main gate of the Naval Air Station ("NAS") in Pensacola, Florida and was stopped at the entry point. This routine stop revealed that Wilkerson's driver's license was suspended. As it turned out, Wilkerson's Florida driver's license was not only suspended, but he actually had three or more prior Florida law convictions for operating a motor vehicle without a valid license.

On August 19, 2008, Wilkerson was charged with the federal crime of unlawfully driving his motor vehicle "with knowledge that his license and driving privileges were cancelled, suspended or revoked" in violation of Fla. Stat. §§ 322.264(1)(d) and 322.34(5) and 18 U.S.C. §§ 7 and 13. His three prior convictions for driving without a valid license rendered him a "habitual traffic offender." See Fla. Stat. § 322.264(1)(d). Under Florida law, a "habitual traffic offender" who drives without a valid license commits a third-degree felony punishable by up to five years in prison. See id. § 322.34(5).

2

Although Wilkerson's underlying substantive offenses involved state law violations, the fact that he violated state law while at NAS meant that he also violated federal law.  See 18 U.S.C. §§ 7, 13.  NAS is within the "special maritime and territorial jurisdiction of the United States."  See 18 U.S.C. § 7(3).[1]  And 18 U.S.C. § 13(a) incorporates state criminal law for crimes committed within the jurisdiction of the state in which the U.S. land, in this case NAS, sits.[2]  In other words, Wilkerson's violation of Florida criminal law rendered him "guilty of a like offense and subject to a like punishment" under federal law.  See 18 U.S.C. § 13(a).  Therefore, because Wilkerson would have been subject to a five-year prison term under Florida law, see Fla. Stat. § 322.34(5), the "like punishment" under federal law also subjected Wilkerson to a five-year prison term.

Wilkerson pled guilty.  The Presentence Investigation Report ("PSI")

---

[1] 18 U.S.C. § 7(3) defines "special maritime and territorial jurisdiction of the United States" as encompassing "[a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building."

[2] 18 U.S.C. § 13(a) provides that "[w]hoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

3

indicated that Wilkerson had a lengthy criminal history under Florida law, including three prior convictions for driving with a suspended license, one conviction for driving with a revoked license, and one conviction for being a habitual traffic offender. The PSI did not apply the United States Sentencing Guidelines because there was no "sufficiently analogous guideline" for the crime of driving with a suspended license. Instead, the PSI recommended that the district court rely on the 18 U.S.C. § 3553(a) factors for the purpose of calculating the sentence. See also U.S.S.G. § 2X5.1 ("If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control . . . .").

On December 12, 2008, the district court sentenced Wilkerson to a twelve-month-and-one-day prison sentence followed by two years of supervised release. The district court adopted the facts in the PSI and agreed that Wilkerson's case was "not a guideline case." The district court read letters written on Wilkerson's behalf indicating that Wilkerson was married, involved in his church, and played a positive role in the community. But based on Wilkerson's "prior criminal history," and "taking into account all of the statutorily-defined purposes of sentencing . . . in . . . Section 3553 (a)," the district court found that the sentence was "sufficient" and that a "greater sentence is not necessary to comply with [§ 3553(a)'s] statutory purposes." Because of Wilkerson's poor financial situation, the district court

4

waived any applicable fines, but required a mandatory $100 special assessment fee. In response to a suggestion by defense counsel, the district court allowed Wilkerson to surrender voluntarily to the U.S. Marshal within 30 days given the upcoming holidays and Wilkerson's need to get his affairs in order. Defense counsel objected that, under 18 U.S.C. § 3553(a), the sentence was "greater than necessary."[3]

## II. Discussion

On appeal, Wilkerson argues that his sentence is substantively unreasonable because it is "greater than necessary" within the meaning of 18 U.S.C. § 3553(a).[4] He makes two types of arguments to support his claim. First, he argues that his sentence is simply too harsh because: (1) he did not commit a dangerous crime; (2) his poor financial situation undermined his ability to pay past driver's license suspension fines, which, in effect, resulted in him being criminally punished for

---

[3]"The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." United States v. Beckles, 565 F.3d 832, 845 n.4 (11th Cir. 2009) (citing 18 U.S.C. § 3553(a)).

[4]We review the substantive reasonableness of a sentence for abuse of discretion and take into account the totality of the circumstances. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

being poor; and (3) he has made a number of important life changes in recent years (marriage, church involvement, employment, and mentoring youths). Second, he argues that the district court did not explain why the sentence was "sufficient" but not "greater than necessary."[5]

For starters, "[w]e do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness." United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005); see also United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) ("In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors."). Therefore, we must determine whether Wilkerson's twelve-month-and-one-day sentence, which is 20 percent of the statutory maximum of five years authorized under Florida law, is substantively unreasonable.

We quickly discard Wilkerson's suggestion that the district court was required to explain in detail exactly why the sentence was not "greater than necessary." This Court has never required district courts to elaborate on exactly how they assessed each and every one of the § 3553(a) factors. See Thomas, 446

---

[5]Our cases normally treat this type of argument as a challenge to the sentence's "procedural"—as opposed to "substantive"—reasonableness. But Wilkerson has styled his argument as a challenge to the sentence's substantive reasonableness. In any event, the label does not alter our analysis of the issue.

F.3d at 1357 ("Although sentencing courts must be <u>guided</u> by these factors, 'nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.'" (quoting <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005)). Nor have we required district courts to engage in a tit-for-tat debate with defense counsel over the reason for imposing a sentence. <u>See</u> <u>United States v. Beckles</u>, 565 F.3d 832, 846 (11th Cir. 2009); <u>United States v. Ellisor</u>, 522 F.3d 1255, 1278 (11th Cir. 2008) ("[W]e have held that a court's explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors."). Therefore, we find no error as to the district court's failure to "address the reasons proffered by Appellant [as to] why it was <u>necessary</u> to send Appellant to prison for a non-dangerous driving infraction." Appellant's Br. at 10.

As to whether this sentence is "greater than necessary," the district court emphasized that Wilkerson's criminal history, in large part, drove the sentence. The district court adopted the PSI's findings that Wilkerson had three prior convictions for driving with a suspended license, one conviction for driving with a revoked license, and one conviction for being a habitual traffic offender. Given our deferential standard of review, <u>see</u> <u>Thomas</u>, 446 F.3d at 1351, we cannot say

7

that a one-year-and-one-day sentence, where the statute authorizes five years in prison, is unreasonable given Wilkerson's past criminal history. Even if we were to take into account Wilkerson's personal details, such as his recent efforts to get his life on track, the uniqueness of his situation cannot supplant our deferential standard of review. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 598 (2007) ("The uniqueness of the individual case, however, does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions.").

Although Wilkerson argues that his financial situation undermined his ability to pay fines associated with his past license suspensions, those fines did not require him to operate a motor vehicle without a valid license on at least four different occasions. And the district court appeared to take Wilkerson's poor financial condition into account by waiving additional fines and allowing him to voluntary report to prison 30 days after sentencing so that he had an opportunity to put his affairs in order.

Lastly, we reject Wilkerson's argument that incarceration is unjustified because he did not commit what he considers to be a "dangerous" offense. The relevant Florida statutes, see Fla. Stat. §§ 322.264(1)(d), 322.34(5), criminalize Wilkerson's conduct and authorize five years of imprisonment. Our task is to determine whether the district court abused its discretion in imposing the sentence

8

allowed by law—not to reconsider the § 3553(a) factors and apply them as we would have in the first instance. <u>Gall</u>, 552 U.S. at —, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). Based on Wilkerson's criminal history, the "nature and circumstances" of Wilkerson's offense, the fact that Wilkerson's sentence was on the low end of the statutory range, and the district court's consideration of the § 3553(a) factors, we cannot say that the district court abused its discretion.

**AFFIRMED**.